**The below described is SIGNED.**

**Dated: February 05, 2007**

*William J. Thurman*
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **Kent and Linda Tonioli,** | Bankruptcy Number 06-21049 |
| Debtors. | Chapter 13 |

## MEMORANDUM DECISION GRANTING DEBTORS' OBJECTION TO TRUSTEE'S MOTION TO DISMISS AND MOTION TO ABATE

The matter before the Court is the Debtors' Objection to the chapter 13 Trustee's Motion to Dismiss and their Motion to Abate chapter 13 plan payments. The Court took this matter under advisement to determine whether chapter 13 debtors may modify a chapter 13 plan where the modification would result in unequal periodic payments to a secured creditor. The Court concludes that this type of modification is permissible so long as the secured creditor does not object. This Memorandum Order encompasses the Court's findings of fact and conclusions of law.

**I.     JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(L). Venue is appropriate under 28 U.S.C. § 1408(1).

1

## II.   BACKGROUND

The Debtors commenced this chapter 13 case on April 4, 2006. They timely filed bankruptcy schedules listing a debt owing to GMAC secured by their 2002 Pontiac Grand Prix. Their amended chapter 13 plan proposed to make monthly payments of $2,233.00 to the chapter 13 Trustee and proposed to pay GMAC $303.00 per month until its claim was paid in full. The Court held a confirmation hearing on the Debtors' proposed chapter 13 plan on June 20, 2006, considered oral arguments, and confirmed the plan requiring a return of 100% to non-priority unsecured creditors. The Court issued a Confirmation Order on October 10, 2006.

On December 4, 2006, the chapter 13 Trustee filed a Motion to Dismiss this case, stating that the Debtors were three months delinquent in plan payments for a total of $6,699.00. The Debtors filed a timely Objection and scheduled a hearing thereon. At the hearing, the Debtors acknowledged that their delinquency had worsened, growing to $8,932.00. They provided a sufficient explanation for their delinquency and requested an "abatement" of the delinquent payments.[1] In response, the Trustee raised a concern that if the abatement were permitted, monthly payments to GMAC would be interrupted, and would not be in equal monthly installments under 11 U.S.C. § 1325(a)(5)(B)(iii).[2] GMAC received notice of the Debtors' abatement request and did not file an objection.

---

[1] An "abatement" is a method for treating delinquencies in plan payments which has evolved through local practice. In re Zeigler, 91-1014S, 1992 WL 50006 (Bankr. E.D. Pa. 1992). The effect of an abatement is to extend the length of a plan, and pay any abated delinquencies prior to discharge. Motions seeking an abatement are essentially seeking a plan modification and should be treated accordingly. In re Taras, 136 B.R. 941 (Bankr. E.D. Pa. 1992).

[2] All references herein are to the Bankruptcy Code unless stated otherwise.

2

**III.   ANALYSIS**

Section 1329 provides that a debtor may amend a chapter 13 plan at any time to change the amount of payments under a plan, the extent of time for such payments, or the amount of a creditor's claim to the extent the creditor received payments outside the plan. Section 1329(b)(1) provides that any modification must conform with the requirements of § 1325(a).

Section 1325(a)(5) states that the court "shall" confirm a plan if, with respect to secured claims, the secured creditor accepts the plan, the plan proposes to pay the secured creditor the present value of the collateral, or the plan proposes to surrender the collateral. If a debtor is proceeding under the second option (proposing to pay the present value of the collateral) and proposes to do so through periodic payments, those payments must be "in equal monthly amounts."[3] The payments need not commence at a specific time, nor do they need to continue throughout the life of the plan.[4] But during the payment period under the plan, the payments must be equal.[5]

A court considering either confirmation of a proposed plan or modification of a confirmed plan has an independent obligation to ensure that it satisfies each of the requirements under § 1325(a).[6] That said, § 1325(a)(5) provides three legitimate ways for a debtor to satisfy its requirements. Obtaining a creditor's consent to the plan is just as good as proposing a plan

---

[3] § 1325(a)(5)(B)(iii).

[4] In re Desardi, 340 B.R. 790 (Bankr. S.D. Tex. 2006).

[5] In re Lemieux, 347 B.R. 460 (Bankr. D. Mass. 2006).

[6] In re Montoya, 341 B.R. 41 (Bankr. D. Utah 2006); In re Szostek, 886 F.2d 1405 (3d Cir. 1989).

which provides a secured creditor with the present value of its collateral.[7] And where a creditor's consent is sufficient to satisfy a requirement under § 1325(a), the court may find consent where a creditor fails to object to confirmation of the proposed chapter 13 plan.[8]

Silence does not always infer consent. For example, a creditor's silence does not condone the cram down of a claim secured by so-called "910 property" in violation of the hanging paragraph at the end of §1325(a).[9] Nor does a creditor's silence condone the modification of a claim secured by a debtor's principal residence in violation of § 1322(b)(2).[10] These provisions are general restrictions on chapter 13 plans which cannot be overcome by silence. But where a debtor proposes a plan which otherwise complies with the code's restrictions under § 1322 and the hanging paragraph, the Court determines that a creditor may consent to proposed treatment through silence.[11]

In this case, the Debtors seek to modify their plan to abate delinquent plan payments. As with any proposed modification, the Court may grant the relief requested only if the

---

[7]Compare Desardi, 340 B.R. at 805 with In re Schultz, — B.R. —, 2007 WL 128827 (Bankr. E.D. Wis. Jan. 12, 2007).

[8]In re Ruti-Sweetwater, Inc., 836 F.2d 1263 (10th Cir. 1988); Szostek, 886 F.2d at 1413; Montoya, 341 B.R. at 45.

[9]Montoya, 341 B.R. at 45 ("The concept of implied acceptance of an otherwise compliant plan. . .is quite different from proposing a plan intentionally inconsistent with the Code and then waiting for the trap to spring on a somnolent creditor.").

[10]See § 1322(b)(2) (providing that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. . ."); See also Matter of Walker, 128 B.R. 465, 467 (Bankr. D. Idaho 1991) (a proposed plan which modifies the rights of a creditor secured by debtor's principal residence could not be confirmed).

[11]In re Schultz, — B.R. —, 2007 WL 128827 at *5 (Bankr. E.D. Wis. Jan. 12, 2007).

modifications will comport with § 1325(a). The effect of the abatement will be that GMAC, a secured creditor receiving payments under the plan, will not receive equal monthly payments of $303.00 as required by the Court's confirmation order. If GMAC objected to the proposed modification, the Court would be required under §§ 1329(b)(1) and 1325(a)(1)(B)(iii) to deny the Debtor's Motion to Abate.[12] But GMAC's silence with regards to the proposed modification is significant, as it constitutes acceptance of the modification under § 1325(a)(5)(A). The Court concludes that the Debtor's proposed abatement is appropriate because it conforms with the requirements of § 1325(a), and specifically with § 1325(a)(5). The Debtors need not propose a modified plan providing equal monthly payments to GMAC because GMAC has accepted the modified plan.[13]

## IV.    CONCLUSION

The Debtor's Objection to the Trustee's Motion to Dismiss and Motion to Abate should be SUSTAINED and the abatement should be allowed. A separate Order accompanies this Memorandum Decision.

---

[12] Likewise, if a debtor's chapter 13 plan proposes to pay a secured creditor unequal monthly payments, the Court would not confirm the plan over the creditor's objection, so long as the creditor's objection addressed the issue of equal monthly payments.

[13] At the hearing on this matter, the chapter 13 Trustee stated that he was no longer allowing "administrative abatements" (abatements without a hearing) where the abatement would result in unequal monthly payments owing to a secured creditor. In light of this opinion, that practice seems advisable, since creditors must be given an opportunity to object to the proposed abatement.

5

Service of the foregoing **MEMORANDUM DECISION GRANTING DEBTORS' OBJECTION TO TRUSTEE'S MOTION TO DISMISS AND MOTION TO ABATE** will be effected through the Bankruptcy Noticing Center to each party listed below.

Curt Morris
Bonewell Morris & Greene
7 South Main Street, Suite 202
Tooele, UT 84074

Kent and Linda Tonioli
20 Benchmark Village
Tooele, UT 84074

Kevin Anderson
405 South Main Street
Suite 600
Salt Lake City, UT 84111

U.S. Trustee
Ken Garff Building
405 South Main Street
Suite 300
Salt Lake City, UT 84111